THE ATTORNEY GENERAL HAS REQUESTED THAT I RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION ASKING, IN EFFECT:
 1. WHETHER AN AGREEMENT BETWEEN A PHOTOGRAPHER AND A PARTICULAR SCHOOL TO PROVIDE PICTURES FOR THE STUDENTS AND THE YEARBOOK MUST FOLLOW THE OPEN BIDDING LAWS REGARDING CONTRACTS WITH PUBLIC SCHOOLS.
 2. WHETHER IT IS THE RESPONSIBILITY OF THE LOCAL SCHOOL BOARD TO OVERSEE THE GRANTING AND ADMINISTRATION OF THESE CONTRACTS ACCORDING TO THE REQUIREMENTS OF 70 O.S. 5-129 (1991).
IT APPEARS THAT IT IS NOT NECESSARY TO RESPOND TO YOUR INQUIRY BY THE ISSUANCE OF A FORMAL OPINION BECAUSE A CLEAR READING OF SEVERAL STATUTES DISCLOSES THE FOLLOWING ANSWERS TO YOUR QUESTIONS.
YOUR QUESTION REFERS TO THE "AWARDING" OF "SCHOOL PHOTOGRAPHY CONTRACTS." WE HAVE NOT BEEN PROVIDED WITH THE SPECIFICS OF WHAT IS MEANT BY THOSE TERMS. THEREFORE, WE WILL ASSUME FOR THE PURPOSES OF THIS LETTER THAT IT REFERS TO THE GRANTING OF PERMISSION BY SOME SCHOOL OFFICIAL TO A PHOTOGRAPHER TO COME INTO THE SCHOOL AND TAKE PICTURES OF THE STUDENTS, PRESUMABLY TO SELL TO THE STUDENTS AND/OR THEIR PARENTS.
TITLES 70 O.S. 5-123 AND 61 O.S. 101 (1991), ET. GOVERN THE COMPETITIVE BIDDING REQUIREMENTS FOR SCHOOLS AND SCHOOL DISTRICTS. THOSE STATUTES APPLY TO EXPENDITURES BY THE BOARD OF EDUCATION WHEN CONTRACTING WITH OUTSIDE PARTIES FOR SERVICES. THE STATUTES ONLY REQUIRE COMPETITIVE BIDDING FOR EXPENDITURES IN EXCESS OF $7,500.00 FOR ERECTING ANY PUBLIC BUILDING OR MAKING IMPROVEMENTS (70 O.S. 5-123 (1991)) OR FOR PUBLIC CONSTRUCTION CONTRACTS (61 O.S. 103). SEE A.G.OPIN. NO. 85-185. THEREFORE, AN AGREEMENT SUCH AS YOU HAVE DESCRIBED DOES NOT APPEAR TO FALL WITHIN THOSE REQUIREMENTS.
I SEE NOTHING FROM THE FACTS PRESENTED IN YOUR LETTER TO INDICATE THAT THE SCHOOL DISTRICT IS MAKING AN EXPENDITURE, NOR DOES THE SITUATION INVOLVE CONSTRUCTION OR IMPROVEMENTS. AS I NOTED EARLIER, THE FACTS YOU PROVIDED REFER TO "SCHOOL PHOTOGRAPHY CONTRACTS." WITHOUT MORE, AND RELYING ON GENERAL KNOWLEDGE OF SCHOOL PICTURES, I MUST ASSUME THAT IT IS THE STUDENTS AND/OR THEIR PARENTS WHO PAY FOR THE PICTURES IF THEY WANT THEM. I DO NOT FIND A STATUTORY OBLIGATION FOR A BOARD OF EDUCATION TO SOLICIT COMPETITIVE BIDS OR REGULATE ACTIVITIES. WHETHER AN INDIVIDUAL SCHOOL BOARD HAS POLICIES IN THAT REGARD IS A FACTUAL QUESTION WHICH I CANNOT ADDRESS.
IT APPEARS THE SCHOOL DISTRICTS ARE MERELY PROVIDING A LOCATION AND PERMITTING THE PHOTOGRAPHER TO TAKE THE PORTRAITS AS A SERVICE TO THE STUDENTS. AS SUCH, THE MANDATES OF 70 O.S. 5-129 (1991) DO NOT PERTAIN TO THE MATTERS ADDRESSED IN YOUR SECOND QUESTION. SECTION 5-129 MERELY ADDRESSES THE ACCOUNTING REQUIREMENTS WHICH THE SCHOOL DISTRICT MUST MEET WHEN ACCEPTING MONEY FOR SCHOOL ACTIVITIES SUCH AS CLUBS, SCHOOL PLAYS AND ATHLETIC EVENTS. IT DOES NOT REQUIRE THAT A SCHOOL DISTRICT OVERSEE THE DECISION-MAKING PROCESS REGARDING WHICH PHOTOGRAPHER SHALL BE USED TO TAKE SCHOOL PICTURES.
(STEVEN SPEARS KERR)